OPINION
On September 15, 1997, Patrolman M. Anne Craig caused a complaint to be filed against appellant, Jeremy McCord, age fifteen, for felonious assault in violation of R.C. 2903.11 and improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161. Said charges arose from a shooting incident on August 23, 1997 involving one Greg Rowan, a juvenile.
A hearing was held on November 25, 1997. By hearing disposition sheet filed November 25, 1997 and order filed November 26, 1997, the trial court adjudicated appellant a delinquent child, found him guilty of felonious assault and not guilty of discharging a firearm, and sentenced appellant to the Ohio Department of Youth Services for a minimum of twelve months and a maximum not to exceed twenty-one years of age.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING JEREMY McCORD A DELINQUENT CHILD SINCE THE SAID FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND FURTHER IS CONTRARY TO LAW.
 I
Appellant claims his adjudication for felonious assault was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Appellant was found guilty of felonious assault pursuant to R.C. 2903.11(A)(2) which states as follows:
(A) No person shall knowingly:
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
The stories of appellant and Mr. Rowan differ substantially but both are in agreement that they had been smoking marijuana together (T. at 38, 48), Mr. Rowan dropped ashes on appellant's carpet, appellant told Mr. Rowan to clean it up and Mr. Rowan did not do it. T. at 20. Thereafter, Mr. Rowan was shot in the right hand. T. at 26.
At the scene, appellant told the police Mr. Rowan asked to see the gun and the gun accidentally went off. T. at 8. Later at the police station, appellant told the police he and Mr. Rowan were playing "Russian Roulette." T. at 10. The gun had one bullet in it and they took turns passing it back and forth until Mr. Rowan fired the gun and shot himself. Id. At trial, appellant claimed he handed the gun to Mr. Rowan who had asked to see the gun, the gun did not have any bullets in it to appellant's knowledge, appellant asked for the gun back, Mr. Rowan handed the gun to him and jerked back because Mr. Rowan "was trying to yank it" and the gun discharged. T. at 49-50. Appellant claimed the shooting was an accident. T. at 53.
Mr. Rowan initially refused to tell the police how the shooting occurred. T. at 6. Then he agreed with appellant's version that he grabbed the gun and tried to pull it away from appellant and the gun went off. T. at 31-23. Finally Mr. Rowan told the police and testified in court that appellant took five of six bullets out of the gun, spinned it one position, pointed the gun at Mr. Rowan and pulled the trigger. T. at 22-23. Appellant did this two more times. T. at 23-24. Thereafter, Mr. Rowan became nervous and stood up. T. at 24. Appellant raised the gun over his head and pointed it down at Mr. Rowan. T. at 24-25. Mr. Rowan attempted to grab the gun to knock it away or block it and was shot in the hand. T. at 25-26.
The trier of fact was faced with the question "Whom do you trust?" Neither juvenile tells the same story twice until trial. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182.
Because appellate courts do not have the ability to judge the credibility of witnesses as the witnesses are actually testifying, it is impossible for this court to assign the proper weight to the juveniles' testimony sub judice. However, from the sterile record before us, we have appellant's version which changed at least three times coupled with his lack of motivation for telling the truth. If the trial court accepted the story about playing Russian Roulette, then the defense of accident becomes implausible. Upon review, we find substantial credible evidence, if believed by the trier of fact, to support the adjudication, and no manifest miscarriage of justice.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Perry County, Ohio, Juvenile Division, is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio, Juvenile Division is hereby affirmed.